Anthony Parker, Plaintiff

v.

TE Connectivity Corporation, Defendant

2020-CV-46756
No. ~~2020-CV-46756~~

AMENDED COMPLAINT, DEMAND FOR JURY TRIAL. WRONGFUL JOB TERMINATION FOR THE AMOUNT OF RELIEF $74,000

Plaintiff Anthony Parker amends complaint before Defendant answered. Under Tennessee Rules of Court Leave of Court should be freely given to amend complaint

Therefore, the Court grant Plaintiffs' request to file amended complaint in the amount of relief of $74,000.

Respectfully, submitted

*Anthony Parker*
Anthony Parker

**FILED**
JUL 20 2020
Clerk, U.S. District Court
Eastern District of Tennessee
At Chattanooga

## CERTIFICATE OF SERVICE

I certify that on July 16, 2020, a copy of PLAINTIFFS' AMENDED COMPLAINT FILED IN THE COFFEE COUNTY CIRCUIT COURT was filed with the Clerk of Court and a copy mailed to Defendant's Attorney addressee as shown below:

**DEFENDANTS**
William S. Ruthchow, Esq.
Sun Trust Plaza
401 Commerce St. Suite 1200
Nashville, TN 37219-2446

*Anthony Parker*
Anthony Parker
825 S. Church St. #2655
Murfreesboro, TN. 37133

THE CIRCUIT COURTS OF COFFEE COUNTY TENNESSEE
FOURTEENTH JUDICIAL DISTRICT

Anthony Parker, Plaintiff

v.

TE Connectivity Corporation, Defendant

No. ~~2020-CV-46756~~

AMENDED COMPLAINT, DEMAND FOR JURY TRIAL. WRONGFUL JOB TERMINATION FOR THE AMOUNT OF RELIEF $74,000

PLAINTIFF, Anthony Parker (hereinafter "Plaintiff"), complaining of the Defendants, alleges and says:

## JURISDICTIONAL STATEMENT AND PARTIES

1. Plaintiff is a citizen and resident of Tennessee residing in Rutherford County.

2. Defendant TE Connectivity Corp., (hereinafter "Defendant") is a corporation registered in the State in Tennessee to conduct business within the state and at all times relevant herein owns and operates a facility in Coffee County, Tennessee.

3. Defendants at all times material to this complaint, operated, managed and/or maintained facility at 509 Airpark Dr. Tullahoma, Tennessee

4. Jurisdiction of this Court is invoked pursuant to 2010 Tennessee Code Title 16; 16-15-501 - General jurisdiction.

5. Venue is proper under 2010 Tennessee Code Title 20 - Venue of Actions 20-4-102 - District in which tort arose, as the alleged unlawful business practice was committed within the State of Tennessee and Defendants have contacts that are sufficient to subject it to personal jurisdiction within Coffee County Tennessee thereof.

6. The alleged wrongs and damages described herein occurred in Tullahoma, Coffee County, Tennessee.

## STATEMENT OF FACTS

7. The allegations contained in preceding paragraphs of the Complaint are re-alleged and incorporated by reference as though fully set forth herein.

8. About January 10, 2020, Defendant conducted police background check in the state of Georgia, yet Plaintiff is resident in Tennessee were TE Connectivity is located. Moreover, Alicia Newsome HR Manager recruits and retains temporary employees with felony convictions.

9. On January 23, 2020, Plaintiff hired as 3rd shift Supervisor, in building #2.

10. Defendant manufactured a hostile work environment by hiring and retaining Tammy Taylor, 3rd Shift Supervisor building #1, Alicia Newsome, HR Manager, and Alfonso Torres, operation Manager. Defendant cannot refute on two occasions Anthony Parker reported criminal activity concealed by Tammy Taylor.

11. Alicia Newsome the HR Manager has a patterner of wrongfully terminating employees. The employee in lawsuit terminated after Defendant hired Newsome in Tullahoma, Tennessee.

    11.a.i. Holcomb v. Te Connectivity 4:17-CV-00081 12/14/2017 E.D. Tenn

12. In February 2020, an engineer with several years of employment asked me what I thought about the politics at TE? Plaintiffs' syllogism of understanding derived from no women of color held management positions from the engineer's comment.

13. Plaintiff, about February 3 or 4, while on 1st shift training for 3rd shift position. Several 3rd shift employees approached Plaintiff complaining of bullying and verbal harassment. At this time, not officially assigned to the 3rd shift position. An employee assaulted and battered two employees about supposedly talking about his wife. All employees involved presently work on 3rd shift.

    a. Shane Pickens committed assault and battery on Corry and Bryant

14. Defendants' management team knew of the assault and battery; thereby violating company and ethics rules of behavior.

    a. Tammy Taylor, Alicia Newsome and Alfonso Torres violate TE's Ethical Conduct.

15. During the week of February 2, 2020 Tammy Taylor, acting 3rd shift building #2 supervisor was aware Shane Pickens committed an assault and battery. On 2 separate occasions during the week Shane threatened and physically assaulted two employees. Tammy Taylor concealed the hostile work environment and did not report to Alicia Newsome HR Manager. Plaintiff, while training on 1st shift for the 3rd shift role as supervisor investigated and reported the assault and battery. Anthony Parker collected statements from witnesses and victims.

16. On February 10, 2020, 3rd shift employees signed a card, gave Plaintiff a pen and made cupcakes as appreciation for being their new supervisor. However, the celebration was short lived with Alicia Newsome unprofessional and unethical accusation on the morning of February 11, 2020.

17. On February 11, 2020, summoned into the HR office and harassed by Alicia Newsome. Accused of saying women cannot become master molders. Including discriminating against employees. Plaintiff adamantly denied no comment made about women. She went further to insult Anthony Parker when stated, showing Alfonso Torres (Plaintiffs' supervisor) a picture of his children. Her snide remark was "having a picture does not prove you're not prejudice." Anthony Parkers' five children are multi-cultural which made Alicia Newsome comment more insulting and unprofessional.

18. About February 18, 2020, on 3rd shift Anthony Parker observed 3 hourly associates attempting to a pair of women thongs under wear on a female associate's (Danielle) work area. Plaintiff counseled the 3 associates and requested statements.
    a. Plaintiff followed company policy by informing Alfonso Torres (Op. Manager) of sexual harassment committed by, Justin, Bryant and Chris all hourly employees.
19. Justin Eck sent pictures of the blue thong's to Tammy Taylor-Supervisor. Justin Eck reported sending Tammy the pictures before being questioned about putting thong on female associates work area. Tammy Taylor violated TE ethics policy but not terminated for unprofessionalism.
20. Plaintiff collected the blue Victoria secrets thong, then given to Alfonso Torres. Alfonso stated he saw the thong while on the production floor with Alicia Newsome, who said it was a "bandana." The thongs clearly marked Victoria Secrets. Alfonso Torres and Alicia Newsome violate TE Connectivity ethics but not terminated for unprofessionalism
21. The employee handbook under Harassment-Free Workplace says, " Every employee who sees, hears or experience and act believed to be in violation of these principles, or otherwise has reason to believe such violation may be occurring must immediately report it to Human Resources, to a supervisor or through the other reporting channels offered by the company." (Exhibit).Neither Tammy Taylor, Alfonso Torres nor Alicia Newsome investigated the on-going hostile work environment.
22. Included in Harassment-Free Workplace-"Abusive language, physical aggression, deliberately causing injury to another, intimidation or harassment of other, or any disorderly conduct or malicious disturbance," (Exhibit). No management employee reported the hostile work environment but Anthony Parker.

23. Company Handbook, Violence-Free Workplace, "TE is committed to maintaining a safe work environment free from all forms of violence, including verbal and physical threats, intimidation, abusive behavior and harassment." (Exhibit). Anthony Parker reports hostile work environment than terminated.

24. Tammy Taylor supervisor, knew of the assault and battery, including the sexual harassment. Defendants Company handbook; Violence-Free Workplace, " The Company will not condone any form of retaliation against any employee for making a good faith report under this policy, when the person making the report had an objectively reasonable, belief that the conduct complained of has occurred," (Exhibit). Tammy Taylor, Alicia Newsome and Alfonso Torres, did not investigated or counseled those involved with the hostile work environment.

25. A Fulltime and a Temporary associate (Chris Mangrum and Cynthia Pallone) have demonstrated unfit for duty, under TE'S Violence-Free Workplace standard. "Depending on the circumstances of any given situation, TE may, if it deems appropriate in its sole discretion, require and employee to consult with a professional designated by the company to determine whether a danger exist and whether the employee should be terminated." Frequently, the 3rd shift, building #2, Master Molder gets upsets and walks home; the rumor goes around, he will return to harm people at TE. Cynthia admitted numerous times she has a condition of anti-social behavior that can be violent, (Asperger syndrome). The affected employees have openly admitted to conditions or circumstances that affect them personally.

26. Anthony Parker suspended from work because he asked employees why job assignments not completed.

27. On March 2, 2020, Plaintiff asked Chris Mangrum, 3rd shift master molder to record his daily activities. At 1:45, March 3, 2020, he filled the company document of completed chores till that time. But afterwards, from 2am till after 5am observed Chris walking around the building. When asked to list completed task he walked away and wrote nothing. Tammy Taylor (Bldg. 1, supervisor) later said Chris was under her supervision and Plaintiff was treating him differently than others. Chris Mangrum notoriously has fits at work than walks home. His behavior violates TE's Company policy.

   a. Chris Mangrum, 3rd shift master molder
      - 27.a.i. Feb. 2020, Observed placing women thong underwear on female associates work area
      - 27.a.ii. Feb. 24, 2020, 8-hrs to complete first article, capability study and process sheet. (Molder #23)
      - 27.a.iii. Feb. 25, Walked home which is 5 miles away after being assigned by Orlando (1st shift Supervisor) thru email to do first article; another master molder completed the same task in 2 1/2 hrs. on Molder #23.
      - 27.a.iv. Feb. 26, 2020, Only 3 out of 12 machines running the entire shift with no sense of urgency. Observed walking around chatting in Tammy Taylor's area, (Bldg. 1).
      - 27.a.v. March 2, 2020, Chris Mangrum 3rd shift, Master Molder handwritten notes of completed task on TE's Connectivity document, after 2am did nothing and Plaintiff reported the incident to Plant Manager.

   b. JUSTIN ECK, Team Leader in training.
      - 27.b.i. Said woman do not work in his area, Plaintiff reported to Alfonso Torres because no women assigned to machines 1 thru 12, afterward reported segregation to Alicia Newsome.
      - 27.b.ii. About Feb. 13, 2020. Justin took a 20-minute break, when asked, said after his break he did new hire paperwork with Tammy Taylor. He went further to say completing his new hire paperwork was company business and had Tammy's permission.
      - 27.b.iii. Feb. 2020, Observed Justin placing woman's' thong underwear on female associates work area
      - 27.b.iv. About Feb. 24, 2020 Justin missing for over 30 minutes after 5am break. Plaintiff sent Bryant Deering to go out to Justin's' car and wake him up because, suspected he fell sleep. Shortly afterward discussed being in car sleep; Justin's response: "there are no cameras outside to prove."

c. Christine Pallone, 3rd shift temporary employee became insubordinate several times with fits of anger and admitted to having a mental condition; her anger issues are known by Defendant.

28. March 3, 2020, about 5am, Henry, the Assistant to the VP of TE Connectivity asked what problems Plaintiff encounters. Discussed three ongoing problems:

   a. Resource MFG, the temporary staffing firm hiring unqualified personnel.
   b. Molder #6 has high customer demand but down because internal qualified persons lack skill set to repair.
   c. Discussed the assault and battery, sexual harassment Plaintiff investigated than reported to Alicia Newsome and Alfonso Torres whereas Tammy Taylor covered up Defendants criminal activity.

29. March 3, 2020, Anthony Parker received a call at home, not to return to work pending an investigation from Alicia Newsome.

30. March 3, 2020, Plaintiff made complaint on TE Connectivity ethics hot line with no answer, but company retaliated and terminated Anthony Parkers' employment on March 30, 2020. (# 903588060701).

31. The Employment at Will doctrine in Tennessee recognizes 2 exceptions to the doctrine. They are Public Policy and Implied Contract. The pernicious attempt to fault Anthony Parker for Defendants 'unethical conduct is emotionally traumatic during the pandemic.

32. TE Connectivity has a pattern of wrongfully terminating employees.

   a. 1-Holcomb v. Te Connectivity 4:17-CV-00081 12/14/2017 E.D. Tenn.
      2-Mcgarvey v. Te Connectivity 18-2837 8/20/2018 C.A.3
      3-Scheib v. Te Connectivity Corporation 1:19-CV-00145 1/25/2019 M.D. Pa.

33. Alicia Newsome suspended Plaintiff on March 3, 2020 the start of the Covid-19 pandemic. On March 30, 2020, at 10am Anthony Parker's doctor diagnose the need for prostate surgery. At 12:30pm on March 30, 2020, Alicia Newsome telephoned Plaintiff terminating employment and cancelling medical insurance. (Exhibit).

34. Defendants Employee Hand book, Page 45, "Nothing in this handbook or TE's policies, rules, benefits, practices and/or procedures binds the company or any employee to specific or definite period of employment or to any specific policies procedure, benefits, guidelines, working conditions, or privileges of employment," (Exhibit).

## FIRST CAUSE OF ACTION
TN. Code § 50-1-304

35. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

36. At all times relevant to this complaint, Plaintiff was employed as, was qualified for and held the position of 3rd Shift Supervisor.

37. At all times relevant to this complaint, Plaintiff was adequately performing his job as 3rd shift Supervisor and meeting Defendant requirements written in company handbook.

38. Defendants committed unlawful wrongfully employment termination practices in violations of the provisions of the Tenn. Code Ann. § 50-1-304. (b) No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities.

39. Tammy Taylor supervisor, knew of the assault and battery, including the sexual harassment. Violence-Free Workplace, " The company will not condone any form of retaliation against any employee for making a good faith report under this policy, when the person making the report had an objectively reasonable, belief that the conduct complained of has occurred." Tammy Taylor, Alicia Newsome and Alfonso Torres, did not investigate or counsel those involved with the criminal activity.

40. Defendants' conduct, as described above, was willful and wanton, Plaintiff is entitled recovery damages including liquidated damages in excess of $20,000.00.

41. Plaintiff is further entitled to recovery of and the cost and expense of this action.

## SECOND CAUSE OF ACTION

TN. Code § 50-1-801

44. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

45. At all times relevant to this complaint, Plaintiff was employed as, was qualified for and held the position of 3rd Shift Supervisor.

46. At all times relevant to this complaint, Plaintiff was adequately performing his job as 3rd shift Supervisor and meeting Defendant requirements written in employee handbook.

47. TN. Code § 50-1-801, Retaliatory discharge from employment; (1) or more legitimate, nondiscriminatory reasons existed for the plaintiff's discharge.

48. On March 3, 2020, about 5am, Henry, the Assistant to the VP of TE Connectivity asked Plaintiff what problems encountered. Discussed three ongoing problems:

    a. Resource MFG, the temporary staffing firm hiring unqualified personnel.
    b. Molder #6 has high customer demand but down because internal employee lacks the skills or knowledge to repair.
    c. Discussed the assault and battery, sexual harassment investigated than reported to Alicia Newsome and Alfonso Torres whereas Tammy Taylor covered up the criminal activity.

49. March 3, 2020, Plaintiff made complaint on TE Connectivity ethics hot line with no answer, but company retaliated and terminated Anthony Parkers' employment, (# 903588060701).

50. Defendants' conduct, as described above, was willful and wanton. Plaintiff is entitled recovery damages including liquidated damages in excess of $20,000.00.

51. Plaintiff is further entitled to recovery of and the cost and expense of this action.

## THIRD CAUSE OF ACTION

Negligent retention of Managers

52. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

53. At all times relevant to this complaint, Plaintiff was employed, was qualified for and held the position of 3rd Shift Supervisor.

54. About January 10, 2020 Defendant emailed police background check to sign and complete in the state of Georgia; when Plaintiff is resident in Tennessee were TE Connectivity is located. Moreover, Plaintiff never lived in the state of Georgia. Alicia Newsome HR Manager recruits and retains temporary employees with felony conviction. (Tenn. Code Ann. § 50-1-105. Information that may be disclosed: • job performance Who may request or receive information: • prospective employer • former or current employee).

55. Plaintiff alleges Defendant knew Alicia Newsome HR Manager, created a hostile work environment and was accused of wrongfully terminating employees.

    d.  1-Holcomb v. Te Connectivity 4:17-CV-00081 12/14/2017 E.D. Tenn

56. Plaintiff alleges Tammy Taylor; Supervisor habitually covers up illegal conduct on 3rd shift that violate Defendants' ethical standards and company policy

57. Defendant did not terminate Alfonso Torres. Operation Manager, after 2 reports of hostile work environment after receiving evidence of assault and battery and sexual harassment.

58. Defendants' employee handbook under Harassment-Free Workplace says, " Every employee who sees, hears or experience and act believed to be in violation of these principles, or otherwise has reason to believe such violation may be occurring must immediately report it to Human Resources, to a supervisor or through the other reporting channels offered by the company." Neither Tammy Taylor, Alfonso Torres nor Alicia Newsome investigated the on-going criminal activity or hostile work environment..

59. As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer lost wages, pain, suffering and mental and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proved at trial.

60. Defendant's conduct was willful and wanton, thereby entitling Plaintiff to punitive damages. of $25,000.

61. Plaintiff is further entitled to recovery of and the cost and expense of this action.

### FOURTH CAUSE OF ACTION
(Violation of Tennessee's Public Policy and
Implied Contract Employment at will Exceptions)

62. Plaintiff hereby re-alleges and incorporates by reference the allegations in the preceding paragraphs as thoroughly set forth fully herein.

63. At all times relevant to this complaint, Plaintiff was employed as, was qualified for and held the position of 3rd Shift Supervisor.

64. Defendants committed unlawful wrongfully employment termination practices in violations of the provisions of Tennessee's exception to employment at will policy. The Employment at Will doctrine in Tennessee recognizes 2 exceptions. They are Public Policy and Implied Contract.

65. Public Policy exception to employment at will; an employee is wrongfully discharged when termination is against an explicit, well established public policy of the State

66. Implied Contract exception to employment at will, applied when an implied contract is formed between an employer and employee, even though no express, written instrument regarding the employment relationship exist.

67. Defendants Employee Hand book, Page 45, "Nothing in this handbook or TE's policies, rules, benefits, practices and/or procedures binds the company or any employee to specific

or definite period of employment or to any specific policies procedure, benefits, guidelines, working conditions, or privileges of employment."

68. Plaintiff is further entitled to recovery of and the cost and expense of this action.

69. As a direct and proximate result of Defendant's conduct Plaintiff has suffered and will continue to suffer lost wages, pain, suffering and mental and emotional distress. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proved at trial.

70. Defendant's conduct was willful and wanton, thereby entitling Plaintiff to punitive damages.

**NOW, THEREFORE**, the Plaintiff prays unto the Court as follows:

1. That the Court issue a declaration that defendant have violated the plaintiff's legal rights.

2. That plaintiffs recover of Defendant compensatory damages against Defendant for the violation T.C.A. § 50-1-801. Whistleblowing, 2010 Tennessee Code § 50-1-304, Negligent retention of Managers and Tennessee Public Policy and Implied Contract Policy, representing all lost benefits of employment and compensatory damages, including but not limited to loss of wages, loss of benefits, loss of status, loss of reputation, emotional distress and inconvenience, for an amount in excess of $74,000.00, which amount shall be determined specifically at the trial of this action;

3. Defendant meet the standard for money damages in the 2010 Tennessee Code § 4-21-313 (6) In the case of an employer who has more than 500 employees at the time the cause of action arose, $300,000.TN Code § 4-21-313, Limitations on compensatory damage amounts

4. That Plaintiff recovers the benefits to which he is entitled under the Plan.

5. That plaintiffs recover punitive damages in an amount in the discretion of the jury.

6. That plaintiff recovers the costs of this action, including reasonable fees for his

representation herein;

7. That this Court award pre-judgment and post-judgment interest on all amounts recovered herein; and

8. That this Court grant such other relief as it deems just and appropriate.

This the 16 day of July, 2020.

*[signature]*

ANTHONY PARKER, Pro Se,
825 S. Church St. #2655
Murfreesboro, TN. 37133

## CERTIFICATE OF SERVICE

I certify that on July 16, 2020, a copy of Amended Complaint was filed with the Clerk of Court and a copy was sent registered mailed to Defendant's addressed as shown below:

**DEFENDANTS**
William S. Ruthchow, Esq.
Sun Trust Plaza
401 Commerce St. Suite 1200
Nashville, TN 37219-2446

*[signature]*

Anthony Parker
825 S. Church St. #2655
Murfreesboro, TN. 37133

# EXHIBITS

1. Termination Letter

2. TE Connectivity Employee Handbook

# LET'S BUILD A BRIGHT FUTURE TOGETHER

EMPLOYEE HANDBOOK

Case 4:20-cv-00029-TRM-SKL   Document 20   Filed 07/20/20   Page 16 of 19   PageID #: 94

# IMPORTANT NOTICE – PLEASE READ AND SIGN

The contents of this handbook and these policies are presented as guidelines for some of TE Connectivity's ("TE" or "the company") current policies, practices, rules, benefits and procedures.

This handbook and these policies supersede, replace and make null and void all previously issued, communicated or distributed handbooks. This handbook and TE's policies, rules, benefits, practices and/or procedures are not contracts, are not binding upon the company, do not create contractual obligations, either express or implied, between the company and any employee, and may be changed, amended, modified or discontinued with or without notice by the company when the company, in its discretion, deems it appropriate.

The information in this handbook and these policies are only a brief summary of the benefits which TE offers its employees. For a full explanation of particular benefits, employees should consult with their Human Resources representative or, where applicable, the specific plan documents. If the benefit summaries contained herein conflict with any statement contained in the specific plan documents, the plan documents supersede anything contained herein.

Nothing in this handbook or TE's policies, rules, benefits, practices and/or procedures binds the company or any employee to a specific or definite period of employment or to any specific policies, procedures, benefits, guidelines, working conditions, or privileges of employment.

As an employee, you are an at-will employee completely free to leave the company at any time you choose, and the company has the same right to end the employment relationship at any time it chooses, with or without notice and with or without cause.

No employee, supervisor or member of management, except the Senior Vice President of Human Resources, has the authority to enter into any agreement contrary to the above to enter into any agreement with any employee for employment for any specified period of time, or to bind the company to any employment contract with any employee, either verbally or in writing. The only valid contract for employment between TE and any employee must be in writing, be signed by the Senior Vice President of Human Resources of the company, specify a definite period of employment, and be labeled "contract".

## Acknowledgement
## Please Sign and Return

I hereby acknowledge that I received a copy of the TE Employee Handbook, that I have read and understood this disclaimer, and that I am keeping a signed copy of this disclaimer for my records.

_____   _____
Printed Name                            Employee ID Number

_____   _____
Signature                                    Date

IMPORTANT NOTICE - PLEASE READ AND SIGN                    Employee Handbook    45



865 S. Church St 2655
Murfreesboro, TN. 37133

Attn: Clerk of Court
Civil Div
US District Court
900 Georgia Ave Rm 309
Chattanooga, TN. 37402